TEXAS LONG LEAF LUMBER CO. v. WHITE.

No. 11152.

Court of Civil Appeals of Texas. Galveston.

Feb. 20, 1941.

Dean & Humphrey, of Huntsville, for appellant.

Reginald Bracewell and Jack Ellingson, both of Huntsville, for appellee.

CODY, Justice.

This suit was brought by appellee in a justice court of Walker County, Texas, to enforce an alleged agreement whereby appellant bound itself to protect such account as one G. T. Whittaker should incur with appellee to the extent of, and out of, such sums as became due the said G. T. Whittaker upon appellant's account with the said Whittaker.

Appellee alleged in substance that he sold oil and gas in the filling station business, and that appellant was a corporation engaged in the lumber business, operating a sawmill in Trinity County, Texas, and that G. T. Whittaker was a logging contractor engaged in hauling logs to appellant's mill. That about January 1, 1937, appellee became dissatisfied with the state of Whittaker's account, and informed appellant that unless appellant made a satisfactory arrangement to protect Whittaker's account with appellee that he, appellee, would no longer furnish oil and gas to Whittaker. That it was thereupon orally agreed between appellee and appellant that appellee should continue to supply oil and gas to Whittaker with which to operate his trucks, and that appellant would thereafter collect what was due to appellee from Whittaker on each of Whittaker's pay days, i. e., on each day that was appointed for appellant to pay Whittaker what was due from it to Whittaker for hauling its logs, and that such payments to appellee by appellant should be made upon a written order from Whittaker ordering appellant to pay appellee the sum due him from Whittaker out of the sum due Whittaker from appellant. That payments were made thereafter by appellant to appellee for various periods from January, 1937, to May 15, 1937. That thereafter, on June 12, 1937, which was a Whittaker pay day, and at which time Whittaker owed appellee $170, for oil and gas furnished the preceding 15-day period, appellant paid out of sums then due Whittaker for hauling said preceding 15-day period $225 to the First National Bank of Huntsville in satisfaction of a note due from Whittaker to said bank, said payment being without authority from appellee and contrary to the order of Whittaker. That appellee demanded payment from appellant of the amount due appellee from Whittaker by mail on July 21, 1937, and that appellant denied liability therefor. That appellant had agreed not to pay out of sums due Whittaker from it any obligations of Whittaker in preference to the obligations due appellee.

Appellant's answer consisted of a general demurrer and general denial.

From a judgment for appellee in the justice court, appellant appealed to the county court, and a trial de novo was heard in the County Court on May 6, 1940. Appellant moved for an instructed verdict at the conclusion of the evidence which was overruled. While appellee's pleadings are somewhat confused, we are unable to hold that they were insufficient to authorize the submission of the special issues to the jury. In view of the disposition we make of this appeal it is unnecessary for us to set forth the special issues submitted to the jury other than special issue No. 1, which reads as follows:

"Was the order which the plaintiff obtained from G. T. Whittaker, on February 12, 1937, to constitute the basis of defendant's authority to honor the plaintiff's statements on G. T. Whittaker for oil, gas and tires?" To which the jury answered: "No".

Appellant seasonably objected to special issue No. 1 " * * * because the jury is not given any guide or test as to the measure of evidence required in answering said issue."

The order inquired about in special issue No. 1 was dated February 12, 1937, and was in writing, and was addressed to appellant and was signed by G. T. Whittaker, and read: "I am now employed on the log job near Dodge and Oakhurst, Texas, and ask that you deduct from my time the amount of gas, oil, and tire bill each

pay day as presented by White Oil Company, Huntsville, Texas, and charge same to my account until further notice."

In view of the fact that it was undisputed that Whittaker notified appellant not to pay his account as claimed to be due by appellee, and as the evidence before the jury would certainly have supported an affirmative answer to special issue No. 1, it was reversible error for the court to decline to instruct the jury in connection with special issue No. 1, to return answer thereto upon the preponderance of the evidence. The error was fundamental and elementary.

The judgment of the trial court is reversed, and the cause remanded, for a new trial.

Reversed and remanded.